**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Conrad Albert KROUSE, III, Defendant—Appellant.**

**No. 02–50458.**

**D.C. No. CR–01–00225–AHS(A).**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 30, 2004.

Decided June 4, 2004.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Ronald L. Cheng, Office of the U.S. Attorney, Los Angeles, CA, Todd T. Tristan, Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

William J. Kopeny, William J. Kopeny & Associates, Irvine, CA, for Defendant–Appellant.

Before GOODWIN, PREGERSON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Conrad Albert Krouse appeals his conviction on four counts of federal weapons and drug charges. He raises several claims on appeal. Because one of these claims raises an issue of first impression in this circuit, we address it in a separate published opinion filed contemporaneously with this disposition. We decide Krouse's remaining arguments here and affirm the district court's rulings on all grounds.

■ Krouse waived his challenge to the search warrant executed by Buena Park Police officers on July 25, 2001, because he failed to raise this claim below. *See* Fed. R.Crim.P. 12(b)(3)(c). Although Krouse did contest the same warrant before the district court, he did so on different grounds. *See United States v. Wright,* 215 F.3d 1020, 1026 (9th Cir.2000) ("It does not matter that [a defendant] made a pre-trial motion to suppress on other grounds, for just as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground in support of a motion to suppress.") (quotation marks and citation omitted).

■ Evidence seized during the warrantless search of Krouse's home on January 30, 2002, did not contribute to his conviction. *See United States v. Marshall,* 526 F.2d 1349, 1358 (9th Cir.1975) (citing *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). The evidence related to a single charge, which

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the district court dismissed because the jury could not agree to a verdict on that count. The district court properly instructed the jury to consider each charge separately. Under these circumstances, any error committed by the district court in admitting the contested evidence was harmless beyond a reasonable doubt. *Id.* We need not reach the merits of Krouse's Fourth Amendment claim. *Id.*

■ Finally, the tape recorded conversation between Krouse and his former attorney does not demonstrate that the district court clearly erred in finding that Krouse waived his right to a speedy trial. *See United States v. Lewis*, 980 F.2d 555, 559 (9th Cir.1992). We dismiss Krouse's alternative claim that his waiver was not voluntary because he failed to raise this issue below. *See id.* at 560; 18 U.S.C. § 3162(a)(2).

Krouse's conviction is **AFFIRMED.**